**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**COLUMBUS DIVISION**

| | | |
|---|---|---|
| STEVEN JONES, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CASE NO. 4:09-CV-101 (CDL) |
| | * | 42 U.S.C. § 1983 |
| LANCE DENTON, *et al.*, | * | |
| | * | |
| Defendants. | * | |

**REPORT AND RECOMMENDATION**

Plaintiff, Steven Jones, presently an inmate at the Augusta State Medical Prison in Grovetown, Georgia, has filed the above styled Section 1983 action against the named Defendants. He is also seeking leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). As it appears that Plaintiff is unable to pay the cost of commencing this action, Plaintiff's application to proceed *in forma pauperis* is hereby **GRANTED**.

However, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1). If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available. Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4). Plaintiff must pay 20% per month of his prison account until the $350.00 filing fee is paid in full.

The Warden of the institution wherein Plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) per month of his prison account until the $350.00 filing fee is paid in full.  In accordance with provisions of the ***Prison Litigation Reform Act***, plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.

It should be noted that Plaintiff has filed this action against two "John Doe" Defendants; a Columbus Police officer and a nurse. (R-1).  Courts have held, however, that there is no provision in the Federal Rules of Civil Procedure for fictitious party pleading. *See, Weeks v. Benton,* 649 F.Supp. 1297, 1298-99 (S.D.Ala.1986).  As such, the practice of naming unknown parties is not allowed.  Therefore, any and all claims made against any "John Doe" Defendants should be stricken from Plaintiff's complaint.

Plaintiff's Complaint

Plaintiff alleges that on September 13, 2003, he was arrested after he threatened to kill himself in front of Columbus Police Officers and was shot when he stabbed himself in the stomach.  (R-1).  Plaintiff Jones states that he is currently incarcerated on a sentence of twenty years, with ten to serve, for convictions obtained on February 26, 2004, for carrying a concealed weapon, obstruction of a police officer, armed robbery, aggravated assault, and aggravated assault on a police officer, following the events of September 13, 2003. (R-1). Plaintiff contends that the Defendants violated his Eighth Amendment right to be free of

"cruel and unusual punishment" when he was shot and that they failed to provide him with adequate mental health care following the acts which form the basis of his complaint.

## Preliminary Review

Pursuant to 28 U.S.C. § 1915A:

> (a) The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of a complaint, if the complaint —
> 	(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> 	(2) seeks monetary relief from a defendant who is immune from such relief.

To state a viable § 1983 claim, a plaintiff must allege that: 1) he was deprived of a right, privilege, or immunity secured by the Federal Constitution or laws of the United States; and 2) the deprivation was caused by a person while acting under color of state law. *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978).

## DISCUSSION

A statute of limitations begins to run when a cause of action accrues. Although 42 U.S.C. § 1983 does not contain a statute of limitations, the Supreme Court has held that the state limitation period applicable to personal injury actions should be applied to all actions brought pursuant to 42 U.S.C. § 1983. *Wilson v. Garcia*, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). The United States Court of Appeals for the Eleventh Circuit has held that the Georgia two-year personal injury limitations period for injuries to the person under

O.C.G.A. § 9-3-33 applies to § 1983 actions in a Georgia district court. *Mullinax v. McElhenney*, 817 F.2d 711 (11th Cir. 1987) (construing O.C.G.A. § 9-3-33).

Plaintiff alleges that the acts in question occurred on September 13, 2003, when he was shot by one of the Defendants. Thus, the two year period for the statute of limitations began to run in 2003, and ended in 2005. Plaintiff filed his complaint on August 25, 2009, approximately four years after the statute of limitations expired. Therefore, Plaintiff's complaint is barred by the applicable statute of limitations. The liberal construction that is granted pro se litigants in filing their complaints does not mean that they are allowed lack of compliance with deadlines that are imposed by law. "Liberal construction does not mean liberal deadlines." *Wayne v. Jarvis*, 197 F.3d 1098, 1104 (11th Cir. 1999).

WHEREFORE, IT IS HEREBY RECOMMENDED that the current Complaint be DISMISSED as frivolous and for failing to state a claim upon which relief may be granted. Under 28 U.S.C. § 636(b)(1), Plaintiff may file objections to this Recommendation in writing with the UNITED STATES DISTRICT JUDGE within TEN (10) DAYS after being served with a copy hereof.

So RECOMMENDED, this 26th day of August, 2009.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE

eSw